Richard E. Morton (Bar No. 54188)
Brian A. Moore (Bar No. 252900)
HAIGHT BROWN & BONESTEEL LLP
5 Hutton Centre Drive, Suite 900
Santa Ana, California 92707
Telephone: 714.754.1100
Facsimile: 714.754.0826
e-mail: rmorton@hbblaw.com
bmoore@hbblaw.com

Attorneys for Cross-defendant ALL SEASONS MOVING & STORAGE, INC. dba DON HEMSTEDS VAN AND STORAGE (erroneously sued as Don Hemsted's Van & Storage, Inc. herein as ROE 1)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| FRAS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPECIALIZED TRANSPORTATION, INC., IKON OFFICE SOLUTIONS, INC., and DOES 1 through 20, inclusive, <br><br> Defendants. <br><br> IKON OFFICE SOLUTIONS, INC., <br><br> Cross-complainant, <br><br> v. <br><br> SPECIALIZED TRANSPORTATION, INC. and ROES 1 through 500, inclusive, <br><br> Cross-defendants. | Case No. 2:09-cv-01242-MCE-DAD <br><br> [Assigned to Judge Morrison C. England, Jr.] <br><br> **STIPULATION TO SET ASIDE ENTRY OF DEFAULT AND FILE ANSWER TO CROSS-COMPLAINT; ORDER** |

Cross-defendant ALL SEASONS MOVING & STORAGE, INC. dba DON HEMSTEDS VAN AND STORAGE (erroneously sued as Don Hemsted's Van & Storage, Inc. herein as ROE 1) (hereinafter "All Seasons"), by and through its attorneys of record, Haight Brown & Bonesteel LLP, and Defendant and Cross-Complainant IKON OFFICE

1  SOLUTIONS, INC.'s (hereinafter "Ikon"), by and through its attorneys of record, Wood,
2  Smith, Henning & Berman LLP, hereby agree and stipulate as follows:
3        Whereas, on or about April 3, 2009, Plaintiff FRAS, INC., filed a Complaint against
4  Defendants SPECIALIZED TRANSPORTATION, INC., Ikon, and DOES 1 through 20,
5  inclusive, in the Superior Court of California – County of Shasta, Case No. 165835.
6        Whereas, on or about May 6, 2009, Defendants STI and Ikon removed this matter
7  from the Superior Court of Shasta County to the United States District Court for the
8  Eastern District of California.
9        Whereas, on or about May 8, 2009, Ikon filed a Cross-Complaint against STI and
10 ROES 1 through 500, inclusive.
11       Whereas, on or about July 2, 2009, Ikon filed Roe Amendment No. 1 to Ikon's
12 Cross-Complaint naming DON HEMSTED'S VAN & STORAGE, INC. as Roe No. 1.
13       Whereas, a Request for Entry of Default was entered against Cross-Defendant DON
14 HEMSTED'S VAN & STORAGE, INC. as to Ikon's Cross-Complaint.
15 **THEREFORE, IT IS HEREBY STIPULATED:**
16     1.    The Default entered against Cross-Defendant DON HEMSTED'S VAN &
17 STORAGE, INC., as to Ikon's Cross-Complaint shall be set aside.
18     2.    Cross-Defendant ALL SEASONS MOVING & STORAGE, INC. dba DON
19 HEMSTEDS VAN AND STORAGE (erroneously sued as Don Hemsted's Van & Storage,
20 Inc. herein as ROE 1) shall be permitted to file the Answer to Ikon's Cross-Complaint,
21 attached hereto as Exhibit "A."  Cross-Defendant All Seasons' Answer is deemed filed and
22 served on all parties as of the date of the Court's Order setting aside the default.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

| | | |
|---|---|---|
| 1 | Dated: March 30, 2010 | HAIGHT BROWN & BONESTEEL LLP |
| 2 | | |
| 3 | | By: _____/s/_____ |
| 4 | | Richard E. Morton<br>Brian A. Moore |
| 5 | | Attorneys for Cross-defendant ALL SEASONS MOVING & STORAGE, INC. dba DON HEMSTEDS VAN AND |
| 6 | | STORAGE (erroneously sued as Don Hemsted's Van & Storage, Inc. herein as |
| 7 | | ROE 1) |
| 8 | Dated: March 27, 2010 | WOOD, SMITH, HENNING & BERMAN LLP |
| 9 | | |
| 10 | | By: _____/s/_____ |
| 11 | | Michael C. Guasco |
| 12 | | Attorneys for Defendant and Cross-Complainant IKON OFFICE SOLUTIONS, INC. |

# **ORDER**

**IT IS HEREBY ORDERED:**

    1     The Default entered against Cross-Defendant DON HEMSTED'S VAN & STORAGE, INC., as to Ikon's Cross-Complaint is hereby set aside.

    2.    Cross-Defendant ALL SEASONS MOVING & STORAGE, INC. dba DON HEMSTEDS VAN AND STORAGE's (erroneously sued as Don Hemsted's Van & Storage, Inc. herein as ROE 1) Answer to Ikon's Cross-Complaint, attached hereto as Exhibit "A," is hereby deemed filed and served on all parties as of the date of this Order setting aside the default.

Dated: April 7, 2010

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "A"

Richard E. Morton (Bar No. 54188)
Brian A. Moore (Bar No. 252900)
HAIGHT BROWN & BONESTEEL LLP
5 Hutton Centre Drive, Suite 900
Santa Ana, California 92707
Telephone: 714.754.1100
Facsimile: 714.754.0826
e-mail: rmorton@hbblaw.com
         bmoore@hbblaw.com

Attorneys for Cross-defendant ALL SEASONS MOVING & STORAGE, INC. dba DON HEMSTEDS VAN AND STORAGE (erroneously sued as Don Hemsted's Van & Storage, Inc. herein as ROE 1)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| FRAS, INC., | Case No. 2:09-cv-01242-MCE-DAD |
| Plaintiff, | [Assigned to Judge Morrison C. England, Jr.] |
| v. | |
| SPECIALIZED TRANSPORTATION, INC., IKON OFFICE SOLUTIONS, INC., and DOES 1 through 20, inclusive, | **ANSWER TO CROSS-COMPLAINT** |
| Defendants. | |
| IKON OFFICE SOLUTIONS, INC., | |
| Cross-complainant, | |
| v. | |
| SPECIALIZED TRANSPORTATION, INC. and ROES 1 through 500, inclusive, | |
| Cross-defendants. | |

Cross-defendant, ALL SEASONS MOVING & STORAGE, INC. dba DON HEMSTEDS VAN AND STORAGE (erroneously sued as Don Hemsted's Van & Storage,

Inc. herein as ROE 1) (hereinafter "Cross-Defendant"), answers IKON OFFICE SOLUTIONS, INC.'s (hereinafter "Ikon") Cross-Complaint as follows:

1. Cross-Defendant lacks information or knowledge sufficient to form a belief as to the truth, intent or meaning of the allegations contained in Paragraph 1 of Ikon's Cross-Complaint, and, therefore, denies the same.

2. Cross-Defendant admits the allegations contained in Paragraph 2 of Ikon's Cross-Complaint as to Cross-Defendant. Cross-Defendant lacks information or knowledge sufficient to form a belief as to the truth, intent or meaning of the allegations contained in Paragraph 2 of Ikon's Cross-Complaint relating to other cross-defendants, and, therefore, denies the same.

3. Cross-Defendant lacks information or knowledge sufficient to form a belief as to the truth, intent or meaning of the allegations contained in Paragraph 3 of Ikon's Cross-Complaint, and, therefore, denies the same.

4. Cross-Defendant admits that Cross-Defendant disputes the contentions in Ikon's Cross-Complaint. Cross-Defendant denies the remaining allegations in Paragraph 4 of Ikon's Cross-Complaint as to Cross-Defendant. Cross-Defendant lacks information or knowledge sufficient to form a belief as to the truth, intent or meaning of the allegations contained in Paragraph 4 of Ikon's Cross-Complaint relating to other cross-defendants, and, therefore, denies the same.

5. Cross-Defendant admits the allegations contained in Paragraph 5 of Ikon's Cross-Complaint as to Cross-Defendant. Cross-Defendant lacks information or knowledge sufficient to form a belief as to the truth, intent or meaning of the allegations contained in Paragraph 5 of Ikon's Cross-Complaint relating to other cross-defendants, and, therefore, denies the same.

6. Cross-Defendant lacks information or knowledge sufficient to form a belief as to the truth, intent or meaning of the allegations contained in Paragraph 6 of Ikon's Cross-Complaint, and, therefore, denies the same.


7. Cross-Defendant lacks information or knowledge sufficient to form a belief as to the truth, intent or meaning of the allegations contained in Paragraph 7 of Ikon's Cross-Complaint, and, therefore, denies the same.

8. Cross-Defendant lacks information or knowledge sufficient to form a belief as to the truth, intent or meaning of the allegations contained in Paragraph 8 of Ikon's Cross-Complaint, and, therefore, denies the same.

9. Cross-Defendant incorporates by reference its response to the allegations of Paragraphs 1 through 8 of Ikon's Cross-Complaint, as set forth above, as if fully set forth herein.

10. Cross-Defendant denies the allegations in Paragraph 10 of Ikon's Cross-Complaint as to Cross-Defendant. Cross-Defendant lacks information or knowledge sufficient to form a belief as to the truth, intent or meaning of the remaining allegations contained in Paragraph 10 of Ikon's Cross-Complaint, and, therefore, denies the same.

11. Cross-Defendant denies the allegations in Paragraph 11 of Ikon's Cross-Complaint as to Cross-Defendant. Cross-Defendant lacks information or knowledge sufficient to form a belief as to the truth, intent or meaning of the remaining allegations contained in Paragraph 11 of Ikon's Cross-Complaint, and, therefore, denies the same.

12. Cross-Defendant denies the allegations contained in Paragraph 12 of Ikon's Cross-Complaint as to Cross-Defendant. Cross-Defendant lacks information or knowledge sufficient to form a belief as to the truth, intent or meaning of the allegations contained in Paragraph 12 of Ikon's Cross-Complaint relating to other cross-defendants, and, therefore, denies the same.

13. Cross-Defendant denies the allegations in Paragraph 13 of Ikon's Cross-Complaint as to Cross-Defendant. Cross-Defendant lacks information or knowledge sufficient to form a belief as to the truth, intent or meaning of the remaining allegations contained in Paragraph 13 of Ikon's Cross-Complaint, and, therefore, denies the same.

14. Cross-Defendant lacks information or knowledge sufficient to form a belief as to the truth, intent or meaning of the allegations contained in Paragraph 14 of Ikon's Cross-Complaint, and, therefore, denies the same.

15. Cross-Defendant denies the allegations contained in Paragraph 15 of Ikon's Cross-Complaint as to Cross-Defendant. Cross-Defendant lacks information or knowledge sufficient to form a belief as to the truth, intent or meaning of the allegations contained in Paragraph 15 of Ikon's Cross-Complaint relating to other cross-defendants, and, therefore, denies the same.

16. Cross-Defendant incorporates by reference its response to the allegations of Paragraphs 1 through 15 of Ikon's Cross-Complaint, as set forth above, as if fully set forth herein.

17. Cross-Defendant denies the allegations contained in Paragraph 17 of Ikon's Cross-Complaint as to Cross-Defendant. Cross-Defendant lacks information or knowledge sufficient to form a belief as to the truth, intent or meaning of the allegations contained in Paragraph 17 of Ikon's Cross-Complaint relating to other cross-defendants, and, therefore, denies the same.

18. Cross-Defendant incorporates by reference its response to the allegations of Paragraphs 1 through 17 of Ikon's Cross-Complaint, as set forth above, as if fully set forth herein.

19. Cross-Defendant admits that a cross-complaint has been filed against it by Ikon. Cross-Defendant lacks information or knowledge sufficient to form a belief as to the truth, intent or meaning of the remaining allegations contained in Paragraph 19 of Ikon's Cross-Complaint, and, therefore, denies the same.

## CROSS-DEFENDANT'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Fails to State Facts)

1. Cross-Defendant is informed and believes and upon such information and belief alleges that Ikon has failed to state facts sufficient to constitute a cause of action against this Cross-Defendant.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. Cross-Defendant is informed and believes and upon such information and belief alleges that Ikon's claims are barred or otherwise limited by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

(Comparative Negligence)

3. Cross-Defendant is informed and believes and upon such information and belief alleges that if Ikon was injured or damaged in the manner alleged, or otherwise, which this Cross-Defendant denies, then Ikon was comparatively negligent, and such comparative negligence proximately caused Ikon's injuries and damages, if any. Accordingly, Ikon's damages should be reduced in proportion to its own fault.

## FOURTH AFFIRMATIVE DEFENSE

(Negligence of Third Parties)

4. Cross-Defendant alleges that the alleged incident and damages complained of by Ikon, if any there actually were, said incident and damages being expressly denied by this answering Cross-Defendant, were proximately caused by the negligence of firms, persons, corporations, or entities other than this answering Cross-Defendant, and said negligence comparatively reduces the percentage of any fault, if it should be found that this answering Cross-Defendant was negligent, which this Cross-Defendant expressly denies.

**FIFTH AFFIRMATIVE DEFENSE**

(Intervening or Superseding Causes)

5.      Cross-Defendant is informed and believes and upon such information and belief alleges that independent, intervening or superseding forces and/or actions of third parties proximately caused or contributed to Ikon's alleged losses or damages, barring recovery from Cross-Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

(Laches)

6.      All claims against this Cross-Defendant are barred, in whole or in part, by laches and delay on the part of Ikon, to the prejudice of this Cross-Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

7.      Ikon has failed to take reasonable action to mitigate its alleged damages, in whole or in part; and, as a result of such failure and refusal to undertake reasonable mitigation efforts, Ikon's purported claims for damages herein are barred in their entirety.

**EIGHTH AFFIRMATIVE DEFENSE**

(Credits, Reductions and Setoffs)

8.      Pursuant to the common law right to credits, reductions and setoffs, any settlement reached between Ikon and a named Cross-Defendant in this action shall reduce the amount of Cross-Defendant's recovery by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.

**NINTH AFFIRMATIVE DEFENSE**

(Reservation)

9.      Cross-Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet, unstated affirmative defenses available.  Cross-Defendant reserves herein the right to assert additional defenses in the event that the discovery indicates it would be appropriate.

1  WHEREFORE, Cross-Defendant prays that Ikon take nothing by its Cross-Complaint, for costs of suit herein incurred, and for such other and further relief as the Court may deem just and proper under the circumstances.

Dated: March 30, 2010                    HAIGHT BROWN & BONESTEEL LLP


By: _____/s/_____
Richard E. Morton
Brian A. Moore
Attorneys for Cross-defendant ALL SEASONS MOVING & STORAGE, INC. dba DON HEMSTEDS VAN AND STORAGE (erroneously sued as Don Hemsted's Van & Storage, Inc. herein as ROE 1)